UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No. 13-20518-D1

v.                                    Hon. Denise Page Hood

HAPPY ASKER (D1).

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO
CORRECT RESTITUTION ORDER [#189] and
MOOTING MOTION TO MODIFY CONDITIONS OF
SUPERVISED RELEASE, REQUEST FOR STATUS CONFERENCE
and MOTION FOR DECISION**

## I.    INTRODUCTION

Before the Court is Defendant Happy Asker's ("Asker") Motion to Correct Restitution Order, filed on August 29, 2018. [ECF No. 189] The Government filed its Response on September 10, 2018, [ECF No. 191] and Asker filed a Reply on September 13, 2018. [ECF No. 192]  Also before the Court is Asker's Motion to Modify Conditions of Supervised Release [ECF No. 196], which is now moot since Asker completed his term of Supervised Release on August 16, 2021.   Various supplemental briefs have been filed by the parties and subsequent hearings held on the matter.

## II.    BACKGROUND

On November 19, 2014, a jury convicted Asker of counts 1-25, 49-55, and 60 of the Indictment. [ECF No. 119] The various convictions consisted of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), Filing a False Income Tax Return, in violation of 26 U.S.C. § 7206(1) (Counts 2-4), Aiding or Assisting in the Filing of a False Tax Return, in violation of 26 U.S.C. §7206(2) (Counts 5-25, 49-55), and Impeding, Impairing, Obstructing, and Defeating the Lawful Government Functions of the Internal Revenue Service, in violation of 26 U.S.C. §7212(a) (Count 60).  (ECF No. 177, PageID.3957)

On December 3, 2015, the Court entered a Judgment and Commitment Order sentencing Asker to 50 months in prison, as to the conspiracy charge, to run concurrently with 24-month prison sentences as to the remaining counts, followed by three years of supervised release.  (ECF No. 177)  The Judgment ordered Asker to pay restitution to the IRS in the amount of $2.5 million and Special Assessments totaling $3,300.  *Id.*  On March 24, 2016, Asker filed his appellate brief in the Sixth Circuit.  (ECF No. 191)  Asker challenged his convictions on multiple grounds but did not challenge the restitution amount in the Judgment.  *Id.*  The Sixth Circuit affirmed Asker's convictions.  *United States v. Asker*, 676 F. App'x 447 (6th Cir. 2017).

2

At Asker's sentencing hearing, the amount of tax loss and the concomitant Sentencing Guidelines calculation were in dispute.  (ECF No. 189, PageID.4031)  An evidentiary hearing on the matter was held on July 6, 2015 and continued to the next day.  *Id.*  When the hearing commenced on July 7, 2015, counsel announced to the Court that a stipulation as to the loss amount for Guidelines calculations purposes had been reached.  *Id.*  Asker claims that it was understood that if this amount was accepted by the Court, no further testimony would be necessary.  *Id.*  The exchange went as follows:

> MR. LaRENE: Judge, there was special agent Pagher [*sic*] is on the stand; however, the Government and the Defense are now prepared to stipulate to a loss amount which would obviate, which if stipulation is accepted by the Court, would obviate the need for further testimony in this issue.
>
> THE COURT: Okay.
>
> MR. LaRENE: Specifically, the stipulation would be the appropriate loss amount is 2.5 million dollars which yields a --
>
> MR. SMITH: Offense level of 22, Your Honor, is where we start. Under the 2T1.1 guidelines.
>
> THE COURT: Let's see, we're looking at page 11.
>
> MR. SMITH: Yes.
>
> MR. LaRENE: Paragraph 24.
>
> MR. SMITH: Of the PSI.
>
> THE COURT: Yes, paragraph 24. And you're agreeing to what amount?

MR. LaRENE: 2.5 million dollars, which yields a base offense level of 22.

THE COURT: You're giving me that in writing, right?

MR. LaRENE: Absolutely.

MR. SMITH: We'll get that done, Your Honor.

(ECF No. 172, PageID.3860-61)   A written stipulation to this effect was filed on that same day, which provided as follows:

> This stipulation concerns certain the calculation of the relevant criminal loss for purposes of the Offense Level Computations for Defendant Happy Asker in the above-referenced matter. The parties agree:
>
> - The relevant criminal loss amount for Defendant Happy Asker in the above-referenced matter is $2,500,000;
> - According to the USSG §2T4.1(I), the Base Offense Level for Defendant Happy Asker in this matter for sentencing purposes, as discussed on page 11 of the Pre-Sentence Investigation Report should be Base Offense Level 22.

(ECF No. 166, PageID.3759)

Asker claims that the parties also agreed that Asker would file amended tax returns, and the amount of restitution could be adjusted—up or down—based on the actual amount of his tax deficiency.   (ECF No. 189, PageID.4033)   At the sentencing hearing, the following exchange occurred:

MR. LaRENE: If you have questions?

THE COURT: I do. I have a question whether or not all amended returns are filed?

MR. LaRENE: They have not been, Judge.

THE COURT: And do you and Mr. Smith have some way that you're going to deal with the results of those amended returns?

MR. LaRENE: We haven't discussed it, but I would think that if the Court included -- I think there is probably a customary term of supervised release that requires Mr. Asker to cooperate fully with the IRS that should cover it.

MR. SMITH: That is correct. The Court can order that all amended returns be corrected and filed.

THE COURT: You don't anticipate that what is owed will be more than 2.5?

MR. SMITH: It is hard to say at this point. It is going to depend --

THE COURT: What if it is? Do you anticipate that 2.5 precludes your client from paying back the rest?

MR. LaRENE: I wouldn't think that if it comes out -- I would not think that this Court's restitution award would be conclusive on the IRS. In fact, if there was some civil basis to seek additional penalties or interests, the IRS could do that.
*I suppose if it turns out the number is less, we may probably come back and apply to the Court for some relief from the restitution amount.*

MR. SMITH: *That it [sic] correct, Your Honor.*

(ECF No. 173, PageID.3901-02)(italics added).

Asker has now filed his amended tax returns and he alleges that in addition to the amount he has already paid, based on the amended tax returns, he is required to pay $528,914,71 in taxes.  (ECF No. 189, PageID.4035)  With the addition of the appropriate interest and penalties, Asker calculates that the amount owed the IRS

should be $1,011,548.30.  *Id.*  While the IRS has accepted these returns, it has allegedly declined to process them for assessment, review, or audit.  *Id.*  Asker claims that the IRS has taken the position that based on the stipulated amount of tax loss incorporated in the Judgment in this case, and irrespective of what the actual tax loss may turn out to be, it is entitled to $2,500,000 in restitution.  *Id.*  Asker argues that this position is contrary to the agreement between the parties, and the direction of the Court.  *Id.*  Asker further argues that the IRS' position is manifestly unfair and will result in: (1) him being liable for the payment of significantly more than the actual tax loss involved; and (2) an impermissible windfall to the United States.  (ECF No. 189, PageID.4035-36)

Asker requests that the Court enter an order correcting the Restitution Order that was previously entered and declare that he shall only be liable to pay the IRS the actual amount of taxes he alleges he owes based on his amended tax returns. (ECF No. 189, PageID.4036)

## III.   ANALYSIS

### A. Legal Standard

In the Sixth Circuit, "[a] district court's power to revisit a sentence once imposed is extremely limited. Once a court sentences a criminal defendant, it generally has jurisdiction only to hear related issues when authorized by statute or rule." *See United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012) (citing

*Carlisle v. United States*, 517 U.S. 416 (1996)); *see also, e.g.*, *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) ("A district court may modify a defendant's sentence only as provided by statute." (quoting *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). "[A] sentence imposing an order of restitution is 'final … notwithstanding the fact that' such a sentence can be changed in the five listed ways.  18 U.S.C. § 3664(o)."  *United v. Phillips,* 9 F. 4th 382, 384-85 (6th Cir. 2021).

## B.  Restitution Amount

Asker asserts that he filed the required amended federal tax returns. Asker indicates that after accounting for the appropriate interest and penalties, that the amount of his restitution equals $1,011,548.30.  Asker argues that allowing the IRS to receive the $2,500,000.00 would result in an improper windfall and circumvent the understanding between the parties at sentencing.

In response, the Government argues that Asker's sentencing memorandum did not argue that the Court should decide his relevant criminal loss amount and restitution.  (ECF No. 191, PageID.4045)  Instead, the Government asserts that Asker wanted his criminal loss and restitution amount to be calculated based on evidence introduced at trial. According to the Government, that evidence established that from 2006-2009, Asker created, managed, and participated in two different schemes: (1) the Profit Split and (2) Payroll Tax Schemes. (*Id.* at 4046)

7

According to Asker's seized computer spreadsheet, Asker received approximately $6,000,000 in cash split payouts from Happy's Pizza franchises. (*Id.*; ECF No. 124, PageID.1274-75)

The Government then contends that at the sentencing, the parties stipulated that the relevant criminal loss amount for Asker was $2,500,000.00. (ECF No. 191, PageID.4047) Responding to Asker's argument about a lower total, the Government claims that the transcript only referred to whether it was possible that Asker could owe more than $2,500,000.00 after he submitted his tax returns. (*Id*) The Government then asserts that Asker did not challenge the Court's restitution order on appeal and that the Sixth Circuit affirmed Asker's convictions. *United States v. Asker*, 676 Fed. App'x 447 (6th Cir. 2017).

Asker argues that the Mandatory Victim Restitution Act ("MVRA") requires that "the court shall order restitution to each victim in the full amount of each victim's losses . . . ." 18 U.S.C. § 3664(f)(1)(A). In *United States v. Stone*, the Fourth Circuit explained that:

> The goals of the MVRA are both compensatory and penal, requiring the defendant to return his ill-gotten gains to the victims of his crimes. However, the MVRA does not allow a court to grant a windfall to the victim, and thereby unfairly punish a defendant by requiring him to pay back more money than he stole. (Internal quotation marks and citation omitted.)

*United States v. Stone*, 866 F.3d 219, 226 (4th Cir. 2017). "A restitution award 'is limited to the victim's provable actual loss.'" *United States v. Ardejumo*, 848 F.3d 868, 870 (8th Cir. 2017) (quoting *United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008)). "Restitution for funds not actually lost by a victim would be an impermissible windfall." *Id.* (internal citations omitted).

In Asker's supplemental brief he argues that the Government's submitted materials were mere estimates. Because the Government's exhibits were estimated, Asker contends that the IRS needs to review and analyze his submitted tax returns to determine if the restitution amount is actually less than $2,500,000.00. Asker specifically challenges the basis of Special Agent Pegher's analysis, which produced the restitution amount. Asker contends that Mr. Pegher's analysis went "beyond the scope" of the Court's restitution order and considered entities that Asker had no ownership interest in.

Since Asker was convicted of a conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, the MVRA, 18 U.S.C. § 3663A, governs. Under the MVRA, the Court ordered Asker to pay full restitution to the IRS. *See* 18 U.S.C. §§ 3663A(a), (c)(1)(A)(ii); 3664(f)(1)(A). "Because [f]ederal courts have no inherent power to award restitution, we may order restitution only when and to the extent authorized by statute." *United States v. Evers*, 669 F.3d 645, 656 (6th Cir. 2012) (quoting *United States v. Kennedy*, 643 F.3d 1251, 1260 (9th Cir.2011)).

This Court may modify a restitution order only when authorized by statute. *See May*, 500 F. App'x at 460 ("Once a court sentences a criminal defendant, it generally has jurisdiction to continue hearing related issues only when authorized by statute or rule."); *see also Carlisle*, 517 U.S. at 428 (rejecting the principle of a court's "inherent supervisory authority" to modify a verdict of conviction absent any statutory or rule authority).

One of the few avenues that allows the Court to alter a restitution order after sentencing is outlined in 18 U.S.C. § 3664(k). That section allows courts to "adjust the payment schedule, or require immediate payment in full, as the interest of justice require." *See* § 3664(k). Neither provision in section 3664 authorizes the Court to reduce a defendant's total restitution obligation. *See United States v. Mandel*, 179 F. App'x 965, 966–67 (7th Cir. 2006) (opining that § 3664(k) "permits a defendant to seek a revised payment schedule, but not a reduced obligation").

Asker subsequently filed a notice of supplemental authority noting that the Sixth Circuit in *Phillips, supra,* recently held that 18 U.S.C. § 3664(o) does not prohibit this Court from modifying a restitution post-sentencing.  984 F. 4th at 384. The Government agrees the Court is bound by *Phillips*, but argues it was wrongly decided and not applicable because *Phillips* involved a request for interest rate modification based on 18 U.S.C. § 3612, not the amount of the ordered restitution payment set forth in the Judgment.  Even if *Phillips* applied to the actual restitution

amount, the Government argues that the restitution agreed-to amount of $2.5 million at time of sentencing was based on evidence of overall sales and wage records, which was a conservative estimate of the loss caused by Asker's and co-conspirator's criminal conduct.  The Government asserts that Asker and co-conspirators destroyed or intentionally failed to maintain records and there are no contemporaneous underlying records to support the accuracy of the tax returns previously filed and the now amended tax returns.  The Government claims the best available record of overall sales and wage records presented at the time of trial/sentencing is the best evidence for the conservative amount of loss and restitution amount of $2.5 million which Asker agreed to at the time of sentencing. The Government argues that even if the Court had the authority to reduce the actual restitution amount based on any amended tax returns, this would reward Asker's and co-conspirator's destruction of records and other efforts to conceal the true extent of the loss caused by their criminal acts.

Asker replied that *Phillips* is applicable even if the modification requested in that case was the interest rate because the analysis was based on language in 18 U.S.C. § 3664(o) that the Court was not bound by the five orders listed:

(o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--

(1) such a sentence can subsequently be--

(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

(B) appealed and modified under section 3742;

(C) amended under subsection (d)(5); or

(D) adjusted under section 3664(k), 3572, or 3613A; or

(2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C.A. § 3664(o).

However, Asker does not suggest that *Phillips* provides the Court the affirmative authority to modify the restitution.   (ECF No. 210, PageID.4152) Asker  asserts that his motion to amend the restitution order is based on the Court's oral pronouncement of the sentence and an oversight or omission in the restitution portion of the Judgment:

> Rather, as the defendant has insisted all along, since "in criminal cases the general rule is that the oral pronouncement of the sentence governs. *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir.1962)" *United States v. Duncan*, 38 F. App'x128, 129 (4th Cir. 2002). the Court's authority to conform its written order to its expressed intention is inherent in its "authority over its own judgment[s]." *Thompson v. U.S. Department of Housing & Urban Development*, 404 F.3d 821, 833 (4th Cir.2005).

> Moreover, as suggested in defendant's recently-filed Supplemental Brief, the correction here sought seems also proper under F. R. Cr. P. 36:

> The correction sought here also seem to be within the authorization of F.R.Cr.P. 36, which allows a court "at any time" to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The correction requested here admittedly does not seem "clerical" in nature, but the failure of the order to specifically provide what defendant believes was both intended and required - that the amount of restitution should be dependent on the actual tax loss disclosed by the enumerated returns - seems surely to be a defect "arising from oversight or omission," founded, apparently, on a shared misunderstanding of what the amount of restitution owed would turn out to be. R. E. 204, Brief, Page ID # 4125-4126.

(ECF No. 210, PageID.4152-53)

In his prior motion to modify restitution, Asker argued that based on the transcript at the sentencing hearing, the parties agreed to return to court if the amended tax returns indicate a lower amount of loss. Asker continues to argue that Fed. R. Crim. P. 36 provides the court with authority based on clerical error or correct an error from oversight or omission. Asker agrees the requested relief is not "clerical" in nature but is an "oversight or omission" that the amount of restitution should be dependent on the actual tax loss based on the amended returns. Asker argues that the Government does not agree to the lower restitution amount based on his amended tax returns because the IRS currently has the Court's restitution judgment of $2.5 million, which is a higher amount than what the amended tax returns shows. Because the IRS refuses to review or audit Asker's amended returns, Asker argues the Court should accept the figures based on his amended tax

returns and that Asker need only pay an additional $528,914.71 in taxes (Asker has paid $541,074 towards tax liability), plus penalties and interest.   Asker has calculated based on the amended tax returns as total loss of $1,011,548.30, not $2.5 million agreed to at sentencing hearing.

Asker claims the date the penalties and interests could be calculated from be July 10, 2015 when the judgment was imposed at $834,097.37, or when the amended returns were filed at $1,011,548.30.   Asker asserts that because his counsel has argued the date of when the amended returns were filed, counsel cannot now in good conscience advocate for the July 20, 2015 date, which is a lesser amount that the amount calculated when the amended returns filed date.   Asker argues the Government should not be permitted a windfall based on its argument that the Court cannot modify the restitution based on the amended returns.

At the latest hearing in this matter, the parties informed the Court that the numbers used by Asker in the amended returns were actually based on the Government's numbers set forth in ECF No. 194.   Asker claims that the numbers were based on stores which Asker did not own and that the numbers are not the appropriate numbers to used.   The Government responds that Asker was found guilty of conspiracy, which means that the amount involved all the stores in the conspiracy and the total loss and restitution are joint and several with the other co-Defendants.

The Sentencing Guidelines require that the district court make only a reasonable estimate of monetary loss. U.S.S.G. § 2B1.1, cmt. n. 3(C); *United States v. Triana*, 468 F.3d 308, 320 (6th Cir.2006) (stating that "[i]n situations where the losses occasioned by financial frauds are not easy to quantify, the district court need only make a reasonable estimate of loss given the available information"). "The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1, cmt. n. 3(C). Precision is not required of the district court. *Triana*, 468 F.3d at 320.  *See, United States v. Geedi*, 490 F. App'x 755, 759 (6th Cir. 2012).

The MVRA affords district courts the discretion to apportion restitution among co-defendants that contribute to a victim's loss:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h); *see United States v. Booth*, 309 F.3d 566, 576 (9th Cir.2002) ("The court had the discretion to apportion the [restitution] total but was not required to do so."); see, *United States v. Martinez*, 610 F.3d 1216, 1233 (10th Cir. 2010).

As noted above, the parties initially disagreed to the amount of loss and restitution prior to sentencing in this matter, and that an evidentiary hearing was held to determine the amount of loss.  However, Asker later agreed to the amount of $2.5 million loss and restitution.  Although it was the intent of the parties and the Court to return at a later date, post-judgment, to redetermine the restitution amount based on any amended returns to be filed, the transcripts of the hearings do not outline a specific legal basis for doing so.

It is disingenuous of the Government to argue that the lower amount was not discussed at sentencing.  The transcript of the sentencing hearing noted above is clear that the Government agreed to defense counsel's statement,  "I suppose if it turns out the number is less, we may probably come back and apply to the Court for some relief from the restitution amount," by responding, "[t]hat it [sic] correct, Your Honor."  (ECF No. 173, PageID.3901-02)   Although not expressly stated on the record, the Court reasonably inferred from the comments of the parties on the record that the parties could seek modification of the restitution post-judgment after Asker filed his amended returns if the amount was less that the agreed-to amount of $2.5 million.  The parties at the sentencing hearing did not cite any authority that the Court could so modify the restitution post-Judgment, but the parties did contemplate returning to the Court to seek modification if the amount was

lesser based on the colloquy between counsel and the Court so inferred.  The

Court stated:

> I'm waiving the imposition of a fine, the cost of incarceration and the cost of supervision because I'm going to make you pay the restitution in the amount of 2.5 million dollars due to the Internal Revenue Service.
>
> And I'm going to require that in the course of the three years or earlier of supervised release that you file accurate income tax returns. And that to the extent that they and their interests and penalties exceed 2.5 million dollars that you be required to comply with that.

(ECF No. 173, PageID.3936)   There was no oral pronouncement that the

parties would return to the Court post-Judgment if the amended tax returns

would show a lesser amount, but it was inferred from the parties' agreement

on the record, that they could do so.   The written Judgment imposed

$2,500,000.00 in restitution, joint and several:

**ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL**

Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 13-20518-02 Maher Bashi | 2500000.00 | 620296.00 | Internal Revenue Service |
| 13-20518-03 Tom Yaldo | 2500000.00 | 314078.00 | Internal Revenue Service |
| 13-20518-04 Arkan Suma | 2500000.00 | 199847.00 | Internal Revenue Service |
| 13-20518-05 Tagrid Summa Bashi | 2500000.00 | 0.00 | Internal Revenue Service |

(ECF No. 177, PageID.3963)

A sentence that imposes an order of restitution is final. 18 U.S.C.A. § 3664(o). The Court has until 90 days after sentencing to make a final determination of the victim's losses, if the losses are not ascertainable 10 days prior to sentencing. 18 U.S.C. § 3664(d)(5). Any dispute as to the proper amount or type of restitution *shall* be resolved by the court by the preponderance of the evidence. 18 U.S.C. § 3664(e).

In this instance, there was an initial dispute on the amount of losses and restitution. However, the parties thereafter stipulated to the $2.5 million amount, which resulted in "no dispute" on the amount of losses and restitution at the final sentencing hearing. Once the parties agreed to the amount, Asker did not make any further arguments that the numbers were based on stores he did not own. It is noted that the Government's initial argument was that the total intended tax loss was $7,224,333. (ECF No. 124, PageID.1278-79) Asker submitted that the tax loss amount should be at $1,444,587. (ECF No. 137, PageID.1691)

However, once the Judgment became final, Asker's remedies became limited—despite any other understanding among the parties and the Court. Asker has cited no legal statute that allows the Court to modify his restitution order, even with the inference that the parties could do so if the amount was less based on the

amended returns.  As the Sixth Circuit noted in *Washington*, Asker did not appeal the original restitution order, and his instant motion does not rely on a statute that grants the Court jurisdiction to provide the requested relief. 172 F.3d 50.

Asker seeks the modification under Rule 36, arguing that the oral pronouncement of the Court that he is able to request modification after he amended his tax returns is inferred.  The law dictates that the Court was bound to order restitution and resolve any dispute regarding the amount of restitution at the time of sentencing, but no later than 90 days after sentencing.

Asker brought the recent Sixth Circuit case in *Phillips* to the Court's attention, but he does not now argue that this decision forms the basis of the Court's authority to modify the restitution order.  (ECF No. 210, PageID.4152) The Court notes that it is bound by the *Phillips* decision that although 18 U.S.C. § 3664(o) states that restitution is final, the five listed ways in this section are not the only ways a restitution order can be modified and that courts are able to modify a restitution order if authorized under another statute.  In this instance, Asker has not cited any statutory authority to allow modification in his case.

## I.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant Happy Asker's Motion to Correct Restitution Order is **DENIED**. (ECF No. 189)

IT IS FURTHER ORDERED that the Motion to Modify Conditions of Supervised Release is **MOOT**.  (ECF No. 196)

IT IS FURTHER ORDERED that the Request for Status Conference (ECF No. 199) and Motion for Decision of Motion to Correct Restitution Order are now rendered **MOOT.**  (ECF No. 200)

s/Denise Page Hood_____
DENISE PAGE HOOD

DATED: October 4, 2021          Chief Judge